# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CR-076-025-CVE |
| | ) |
| JONATHAN ROSSO, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are defendant Jonathan Rosso's motion for bill of particulars (Dkt. # 386), motion to dismiss for failure to state an offense (Dkt. # 387), and motion for a James and Urena hearing (Dkt # 388).

Defendant is charged in an indictment (Dkt. # 2) and a superseding indictment (Dkt. # 246)[1] in count seven only with conspiracy to possess with intent to distribute and distribution of 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). The named alleged co-conspirators in count seven are Lukas Widener and Joshua Gordan (collectively "co-conspirators"). Dkt. # 246.

**I.  Defendant's Motion for Bill of Particulars (Dkt. # 386)**

Defendant asks the Court to require plaintiff to file a bill of particulars more specifically explaining his alleged role in the conspiracy charged in count seven. Dkt. # 386, at 1.

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." If a defendant seeks more

---

[1] Although in his motion defendant moves as to the "indictment," he is charged in count seven of the indictment and the superseding indictment. The Court assumes defendant's motions refer to both counts.

definite information about the charges against him, his remedy is to file a motion for a bill of particulars. United States v. Doe, 572 F.3d 1162, 1176 (10th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars may be required when the indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992). "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges . . . to enable him to prepare for trial, a bill of particulars is not necessary." Doe, 572 F.3d at 1176 (internal citation omitted).

Defendant argues that the indictments fail to give him notice of the specific acts he allegedly engaged in constituting conspiracy to possess with intent to distribute and the distribution of heroin. Dkt. # 386, at 2. Defendant requests that plaintiff be directed to file a bill of particulars with the following information:

(1) the exact date, time, and place when Rosso first participated in any act in support of or in furtherance of the claimed conspiracy;

(2) the date, time, and place of such acts and any subsequent acts;

(3) a description of the nature of any acts or statements relevant to the conspiracy;

(4) how officials determined that Rosso was involved in the conspiracy;

(5) when the conspiracy began;

(6) when and where Rosso joined the conspiracy;

(7) the quantity of heroin Rosso agreed or consented to distribute;

2

(8) the quantity of heroin the alleged conspirators distributed during the alleged conspiracy;

(9) any other relevant conduct of alleged co-conspirators;

(10) a description of information or evidence demonstrating conspiracy;

(11) whether the conspiracy was express or implied; and

(12) the identity of other known or unknown persons engaging in the conspiracy.

Id. at 2-4. Defendant argues that he cannot prepare a defense to count seven without information about the specific acts he allegedly engaged in to further the heroin distribution conspiracy. Id. at 2.

The Court finds that count seven of the indictments provide sufficient notice of the charge against defendant to allow him to prepare a defense, and the bill of particulars he requests is essentially a request for plaintiff to disclose what evidence it intends to present at trial. The Tenth Circuit has been clear that a "bill of particulars . . . is not a discovery device . . . ." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). The function of a bill of particulars is not to provide the defendant "a list of the government's witnesses or evidentiary detail[s]" about the government's case. United States v. Barbieri, 614 F.2d 715, 719-20 (10th Cir. 1980). The key element of the charge alleged in count seven is that defendant and others agreed to form a conspiracy to possess with intent to distribute and to distribute heroin. The indictment discloses the identities of the alleged conspirators and the purpose of the alleged conspiracy, and count seven identifies the objects of the conspiracy. It is not necessary for an indictment to allege that defendant committed any specific acts in furtherance of the drug distribution conspiracy, and the information sought by defendant greatly exceeds what is sufficient to provide notice of the charge against him. The Court

hereby directs plaintiff to cooperate with defense counsel and provide information to defendant to enable him to focus his trial preparation, but a bill of particulars is not the appropriate method to obtain the information defendant seeks. Defendant's motion for a bill of particulars (Dkt. # 386) is denied.

## II. Defendant's Motion to Dismiss for Failure to State an Offense (Dkt. # 387)

Defendant argues that count seven must be dismissed as to him because plaintiff failed to allege any overt acts within the indictments. Dkt. # 387, at 1-2. Accordingly, defendant argues that the indictments "provide[] [no] notice of how he interdependently possessed with intent to distribute heroin with the alleged co-conspirators," fails to establish "any agreement to violate the drug laws between [defendant and] . . . co-conspirators," does not establish "unity of purpose or a common design and understanding," and "does not demonstrate any interdependence between [defendant and]. . . co-conspirators." Id. at 2, 6.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)). An indictment may not be challenged based on the strength or weakness of the government's case, but only on whether the allegations, if taken as true, support an indictment. Id. A very narrow exception to the rule against assessing the factual underpinnings of an indictment exists when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." Id. at 1068 (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)). "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but

because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." Todd, 446 F.3d at 1068; see, e.g., Hall, 20 F.3d at 1085-86 (indictment dismissed where defendant was charged with knowingly using a pistol during a drug trafficking offense but offered undisputed evidence that he was not present when drugs were found in his home); United States v. Brown, 925 F.2d 1301, 1305 (10th Cir. 1991) (indictment dismissed where government admitted that it could not provide evidence demonstrating that stolen intellectual property involved stolen physical goods and statute at issue required such a showing).

"To prove a [drug] conspiracy, the government must show that '(1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the alleged coconspirators were interdependent.'" United States v. Acosta-Gallardo, 656 F.3d 1109, 1123 (10th Cir. 2011) (quoting United States v. Yehling, 456 F.3d 1236, 1240 (10th Cir. 2006)). "An agreement constituting a conspiracy may be inferred from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose." United States v. Johnson, 42 F.3d 1312, 1319 (10th Cir. 1994) (internal citation omitted).

Defendant fails to point to undisputed facts that establish, as a matter of law, that plaintiff is <u>incapable</u> of proving count seven against him beyond a reasonable doubt. Instead, defendant essentially argues that plaintiff's evidence against him is weak because plaintiff does not have direct evidence that defendant engaged in an overt act in furtherance of the conspiracy. Even assuming plaintiff does lack such direct evidence, plaintiff is permitted to rely on circumstantial evidence to prove that defendant knew of the conspiracy to possess with intent to distribute and to distribute heroin, and whether plaintiff's evidence is sufficiently strong to convict defendant is for the jury to

decide (or, in some cases, for the Court to decide as a matter of law "[a]fter the government closes its evidence or after the close of all the evidence . . . ." Fed. R. Crim. P. 29(a) (emphasis added)). It would be contrary to Tenth Circuit authority to dismiss count seven of the indictment against defendant based on his argument that plaintiff lacks evidence to sustain a conviction against him. See Todd, 446 F.3d at 1068. Moreover, the statutes under which defendant is charged in count seven, 21 U.S.C. §§ 846 and 841(b)(1)(A)(i), do not require that any conspirator commit an overt act in furtherance of the conspiracy, and it is not necessary for the indictment to allege the specific acts engaged in by defendant or any other co-conspirator. United States v. Shabani, 513 U.S. 10, 17 (1994). The indictment provides the dates of the alleged conspiracy and the objects of the conspiracy. Thus, defendant's motion to dismiss count seven of the indictment (Dkt. # 387) is denied.

### III. Defendant's Motion for James and Urena Hearing (Dkt. # 388)

Defendant next asks the Court for a James[2] and Urena[3] hearing, arguing that statements made by alleged co-conspirators are potentially inadmissible hearsay, and that the Court should determine prior to trial whether the statements are hearsay. Dkt. # 338, at 1-2.

Under Federal Rule of Evidence 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir.

---

[2] United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979) (overruled on separate grounds).

[3] United States v. Urena, 27 F.3d 1487 (10th Cir.1994).

1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983).

A James or Urena hearing allows the district court to make a pretrial determination whether statements of a co-conspirator are inadmissible hearsay. James, 590 F.2d at 581-82. The reason for this hearing is to shield the jury from hearing prejudicial statements made by co-conspirators. Id. at 579. A district court may rely on the statements and observations of other co-conspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a co-conspirator's statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996). However, there is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of co-conspirator statements. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 648 (10th Cir. 1998). But the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. Urena, 27 F.3d at 1491.

In this case, the indictment alleges that three defendants engaged in a conspiracy to possess with intent to distribute and to distribute heroin, and a James and Urena hearing would take almost as long as a jury trial. The Court will require plaintiff to lay a proper foundation for admitting co-conspirator statements by offering proof of the conspiracy and each defendant's membership in it

7

before seeking to admit the statements, but defendant's motion (Dkt. # 141) for a James and Urena hearing is denied.

**IT IS THEREFORE ORDERED** that defendant Jonathan Rosso's motion for bill of particulars (Dkt. # 386), motion to dismiss for failure to state an offense (Dkt. # 387), and motion for a James and Urena hearing (Dkt # 388) are **denied**.

**DATED** this 13th day of September, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE